IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Case No. 1:22-cr-0096-CKK-04 |
| | : |
| PAULA "PAULETTE" HARLOW, | : |
| Defendant. | : |

## DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

Comes now Defendant, Mrs. Paula Harlow, by and through his attorney Allen Orenberg, to respectfully request the entry of an Order suppressing all statements taken by law enforcement officers on October 22, 2020, and/or at any other time. The Defendant asks for a hearing and submits the following:

## BACKGROUND

The Defendant, Mrs. Paula Harlow (age 74) lives in Kingston, MA. She is charged in a two count superseding indictment [113] with: Count One – 18 U.S.C. § 241 (Conspiracy Against Rights) and Count Two – 18 U.S.C. § 248(a)(1) & 2 (Clinic Access Obstruction). Mrs. Harlow is charged with nine other co-defendants in the same superseding indictment – all are charged in both counts.

## STATEMENT OF FACTS

On October 22, 2020, Mrs. Harlow was arrested in Washington D.C. by MPD Officers. She was taken to an MPD station where she was interviewed by three law enforcement officers at about 3:45 p.m. The interview occurred in a very small

1

room, she was in-custody, and she was handcuffed throughout the interview. After advisement of her rights, she executed a "Miranda" rights form, and she gave a videotaped statement. Notwithstanding her executing a Miranda waiver, her incriminating video statement was not voluntary, and it was improperly and unlawfully taken.

## LAW ON STATEMENTS

The Supreme Court has determined that the Fifth and Fourteenth Amendment's prohibition against compelled self-incrimination requires that custodial interrogation be preceded by advice to the Defendant that he has the right to remain silent and the right to the presence of an attorney. *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). Miranda warnings are required before custodial interrogation begins. *Id.* at 444-45. Before it can use any statements produced through custodial interrogation, the government has the burden to show that. "the defendant 'voluntarily, knowingly and intelligently' waived [these] rights." *J.D.B. v. North Carolina*, 564 U.S. 261, 269-70 (2011). Moreover, the Government must show the statements were obtained without coercion or improper inducement. *Colorado v. Connolly*, 479 U.S. 157 (1986).

Should a defendant make a statement, a court must examine the voluntariness of the particular statement and test whether the statement was freely given under the totality of the circumstances. *Schneckloth v. Bustamonte*, 412

U.S. 218, 226 (1973); *see also, Malloy v. Hogan*, 378 U.S. 1, 6- 7 (1964) (the constitutional inquiry is not whether the conduct of the law enforcement officers in obtaining the confession was shocking, but whether the confession was free and voluntary); *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). The government bears the burden of proving by a preponderance of the evidence that a statement allegedly made by a defendant was voluntary, or fits into exceptions to this general rule. *Lego v. Twomey*, 404 U.S. 477, 489 (1972); *United States v. Garcia*, 780 F. Supp. 166, 171 (S.D.N.Y. 1991). Without a valid Miranda waiver, the police may not ask questions, even during booking, that are designed to elicit incriminatory admissions. *Pennsylvania v. Muniz,* 496 U.S. 582, 601-02 & n. 14. Accordingly, the questioning here by law enforcement officers did serve to elicit incriminatory admissions.  The government bears the burden to demonstrate a knowing and intelligent waiver of the privilege against self-incrimination when a defendant raises a colorable claim of coercion. *See Miranda* 384 U.S. at 475; 18 U.S.C. § 3501(b) (setting forth criteria for determining when a confession is "voluntary" or "coerced.") And when determining voluntariness of a statement, the "totality of the circumstances" must be examined, including the defendants individual characteristics and background, the setting in which the statement occurred, and the details of the interrogation or interview. *United States v. Elie*, 111 F. 3d 1135, 1143-44, (4th Cir. 1997); *United States v. Pelton*, 835 F.2d 1067, 1071-72 (4th Cir. 1987). *Accord United States v. Van Metre*, 150 F 3d 339, 348-49 (4th Cir. 1998).

## ARGUMENT

It is clear that Mrs. Harlow was in-custody at the time of the interview. The incriminating video statement made on October 22, 2020, was obtained by improper inducement inasmuch as Mrs. Harlow was under the impression that if she cooperated by speaking with law enforcement officers, then she would be released from custody. The government cannot met its burden to demonstrate a knowing and intelligent waiver of the privilege against self-incrimination as Mrs. Harlow was impermissibly coerced by law enforcement officers. Furthermore, Mrs. Harlow has no criminal history and, as such, no experience with tactics employed by law enforcement to elicit a incriminating statement.

The October 22, 2020 video statement, and any other statements made by Mrs. Harlow, should be suppressed in this matter.

Respectfully submitted,

THE ORENBERG LAW FIRM, P.C.

By: _____

Allen H. Orenberg, # 395519
The Orenberg Law Firm, P.C.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Tel. No. (301) 984-8005
Fax No. (301) 984-8008
Cell-Phone (301) 807-3847
aorenberg@orenberglaw.com
Counsel for Paula "Paulette" Harlow

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2023, I caused a copy of the foregoing Motion to Suppress Statements, and a proposed Order, submitted on behalf of Mrs. Paula Harlow, to be served by CM/ECF to case registered parties.

_____
Allen H. Orenberg